THIBODEAUX,
Chief Judge, concurring.
|TI concur in reversing the judgment of the trial court only because La.Code Civ.P. art. 966(A)(1) requires the submission of an answer prior to the plaintiffs motion being made. Our jurisprudence is replete with cases demonstrating that this is mandatory.
I disagree with the majority concerning the existence of genuine issues of material facts. The claimant, as the moving party, carried his burden in demonstrating a pri-ma facie case on the occurrence of the accident and causation. The defendant, as the trial court observed, submitted no factual or opposing medical evidence whatso *581 ever. None. Pointing to inconsistencies in the medical records and in the plaintiffs narrative do not amount to the creation of genuine issues of material facts. No reasonable person could conclude that the defendant could carry its burden of lack of causation at trial.
I reluctantly agree to reversal because of the procedural posture of this case.